James H. Andre Director Division for Servicemen's Voting
You have asked whether the Division for Servicemen's Voting is subject to the provisions of Article II, section 8 of the New York State Constitution and, if so, whether the Division is required to have a representative of each of the two major political parties present at all times as ballots, applications, and registrations are processed.
Article II, section 8 of the State Constitution provides that
 "all laws creating, regulating, or affecting boards or officers charged with the duty of registering voters, or of distributing ballots to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and the next highest number of votes."
To determine if the Division for Servicemen's Voting is subject to section 8, it is necessary to examine whether the Division is charged with any of the duties enumerated therein.
The Division does not actually register military voters. Such registration is a function of local boards of elections (Election Law, § 10-106[1], [6]). The Division does facilitate registration by distributing applications for military ballots, receiving completed applications, and forwarding them to the appropriate board of elections (id., § 10-106[3], [4], [5], [6], [11]). The local boards of elections distribute ballots to military voters (Election Law, §10-108). The Division does not record or count military ballots at elections. These duties are performed by the local boards of elections, following the procedure used for absentee ballots (id., §§ 4-134[1], 9-104[1], 10-114[2]). Section 10-114(1) of the Election Law provides that:
 "the division shall examine each ballot envelope received unopened, to determine [the ballot enevelope's] validity regarding the voter's signature, oath, voting residence and any other requirements * * *. The division shall then forward to the appropriate board of elections * * * such unopened ballot envelopes received by it before the close of the polls on the day of elections." (Emphasis provided; see, also, Election Law, § 10-112.)
In our opinion, the Division for Servicemen's Voting is subject to Article II, section 8 of the State Constitution, since the Division "receives votes at elections".
Since we have concluded that the Division for Servicemen's Voting is subject to Article II, section 8, it is next necessary to determine how the Legislature has insured that all laws "creating, regulating or affecting" the Division "secure equal representation of the two major political parties". Section 8 became effective January 1, 1939, prior to the creation of the Division and the Divisions's predecessor, the Temporary State War Ballot Commission. Thus it would appear that the Legislature was aware of the requirements of section 8 throughout the entire history of the Division and drafted the Division's enabling legislation to conform to constitutional requirements.
Chapter 852 of the Laws of 1942 instituted the Temporary State War Ballot Commission, which was composed of four commissioners — two Democrats and two Republicans — to be appointed by the party leaders of the State Senate and Assembly. This arrangement was renewed annually until 1947, when chapter 716 of the Laws of 1947 created the Division for Servicemen's Voting within the Department of State. The Division was composed of two directors — one Democrat and one Republican — appointed by the Secretary of State upon the recommendation of the Senate and Assembly party leaders. This bi-partisan requirement was repeated twenty-seven times as the Division was renewed by successive sessions of the Legislature, until chapter 233 of the Laws of 1976 fixed the current requirement that:
 "Each director shall be an enrolled member of a different major political party." (Election Law, § 600[1].)
Although the legislative histories of chapters 716 and 852 are silent regarding Article II, section 8, it seems logical that these laws providing for equal political party representation on the Commission and, subsequently, the Division, were enacted to comply with the State Constitution's provisions regarding equal partisan representation. Indeed, the plain meaning of the language of Article II, section 8 is to require equal party representation for the boards or officers covered by the provision.
Article II, section 8, does not require that boards or officers subject to its equal partisan representation requirement also have a representative of the two major political parties present at all times when designated duties are performed. The Election Law is also silent regarding such a requirement for the Division for Servicemen's Voting. We note that the State Board of Elections, the only other statewide entity created in the Election Law, has a structure parallel to that of the Division. The Board is composed of four commissioners — two from each of the two major political parties — in conformity with Article II, section 8 (Election Law, § 3-100[1]). The law is silent with regard to partisan representation when the duties of the Board are performed.
However, the Election Law does require that two members of the local board of election inspectors, representing the two major political parties, be present when certain duties are performed — for example, when local voter registration is received (id., § 5-202[2]), when voting machines are opened (id., § 8-102[2]), and during election day at voting machines and poll ledgers (id., § 8-202[1]). We believe that the existence of such requirements for election inspectors clearly indicates that the Legislature will specify representation requirements when it believes such requirements are necessary. Since the Legislature has never specified such requirements for the Division, and since the Constitution has no such requirements, in our opinion it is not necessary for a representative of the two major parties to be present at all times as ballots, applications, and registrations are received and processed.
We conclude that the Division for Servicemen's Voting is subject to Article II, section 8 of the New York Constitution. Section 8's equal partisan representation requirement is met by section 3-600(1) of the Election Law, which requires the Division's two directors to be enrolled members of different major political parties. The Division is not required to have a representative of each of the two major political parties present at all times as ballots, applications, and registrations are processed.